UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ALAN MILLS,<br><br>                    Plaintiff,<br><br>        v.<br><br>LAUREL D. CRONK MONLUX,<br><br>                    Defendant. | CASE NO. C25-0742JLR<br><br>ORDER |

## I.  INTRODUCTION

Before the court are two motions filed by *pro se* Plaintiff Alan Mills:  (1) a motion to strike purported "improper responses" in Defendant Laurel D. Cronk Monlux's answer (MTSIR (Dkt. # 11); MTSIR Reply (Dkt. # 22)) and (2) a motion to strike Ms. Monlux's affirmative defenses (MTSAD (Dkt. # 12); MTSAD Reply (Dkt. # 23)).  Ms. Monlux opposes both motions.  (MTSIR Resp. (Dkt. # 19); MTSAD Resp. (Dkt. # 20)).  The court has considered the parties' submissions, the relevant portions of the record, and the

ORDER - 1

governing law. Being fully advised,[1] the court DENIES Mr. Mills's motion to strike purported improper responses and GRANTS in part and DENIES in part Mr. Mills's motion to strike affirmative defenses.

## II.    BACKGROUND

Mr. Mills brings this action against Ms. Monlux, the head coach of his daughter's tennis team at Ingraham High School, a public high school in Seattle, Washington. (Compl. (Dkt. # 1) ¶¶ III.2, IV.1, IV.4.) He alleges that Ms. Monlux violated his right to free speech under the constitutions of the United States and Washington by "promulgating [and enforcing] a policy that prohibits parents who are watching Ingraham varsity tennis matches—including Dr. Mills—from engaging in speech that could be construed as 'coaching', yet allows such parents to engage in speech containing 'words of encouragement and clapping.'" (*Id.* ¶¶ V.A.3, V.A.4.) Ms. Monlux answered the complaint on May 23, 2025. (Answer (Dkt. # 9).) Mr. Mills filed his motions to strike on June 12, 2025. (MTSIR; MTSAD.) The motions are now briefed and ripe for decision.

## III.    ANALYSIS

Mr. Mills moves under Federal Rule of Civil Procedure 12(f) to strike Ms. Monlux's purported improper responses and affirmative defenses. (*See generally* MTSIR; MTSAD.) Under that rule, the "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P.

---

[1] Neither party requests oral argument, and the court concludes that oral argument would not assist it in resolving the motions. *See* Local Rules W.D. Wash. LCR 7(b)(4),

12(f). "Rule 12(f) motions to strike are generally disfavored because the motions may be used as delay tactics and because of the strong policy favoring resolution on the merits." *White v. Univ. of Washington*, No. C22-1798TL, 2023 WL 3582395, *2 (W.D. Wash. May 22, 2023). Nevertheless, "where [a] motion [to strike] may have the effect of making the trial of the action less complicated, or have the effect of otherwise streamlining the ultimate resolution of the action, the motion to strike will be well taken." *California v. United States*, 512 F. Supp. 36, 28 (N.D. Cal. 1981); *see also Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010) (noting that the purpose of Rule 12(f) is to "avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial") (cleaned up).

When considering a motion to strike, the court must view the pleadings in the light most favorable to the pleading party. *See, e.g.*, *In re 2TheMart.com Secs. Litig.*, 114 F. Supp. 2d 955, 965 (C.D. Cal. 2000). The court must also construe Rule 12(f) "alongside the general pleading standards of Rule 8." *Hennessey v. Radius Glob. Sols. LLC*, No. C24-5654DGE, 2024 WL 4696134, at *1 (W.D. Wash. Nov. 6, 2024) (citing Fed. R. Civ. P. 8(b)(1)(A), 8(c)(1)). Whether to grant a motion to strike lies within the discretion of the district court. *Cal. Dep't of Toxic Substances Control v. Alco Pac., Inc.*, 217 F. Supp. 2d 1028, 1033 (C.D. Cal. 2002).

Below, the court begins by addressing Mr. Mills's motion to strike Ms. Monlux's purported improper responses, then considers his motion to strike Ms. Monlux's affirmative defenses.

**A.     Motion to Strike Improper Responses**

Federal Rule of Civil Procedure 8(b) sets forth the requirements for a responsive pleading. The responding party must "admit or deny the allegations asserted against it by an opposing party" and "must fairly respond to the substance of the allegation." Fed. R. Civ. P. 8(b)(1)(B), 8(b)(2). "A party that intends in good faith to deny only part of an allegation must admit the part that is true and deny the rest." *Id.* 8(b)(4). "A party that lacks knowledge or information sufficient to form a belief about the truth of an allegation must so state, and the statement has the effect of a denial." *Id.* 8(b)(5). Finally, "[a]n allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied." *Id.* 8(b)(6).

Here, Mr. Mills challenges Ms. Monlux's responses to almost every allegation in the "Factual Allegations" section of his complaint. (*See* MTSIR at 13-25; Compl. ¶¶ IV.1-IV.24.) Having carefully reviewed Mr. Mills's complaint, Ms. Monlux's answer, and the parties' briefing, the court concludes that Ms. Monlux has appropriately responded to Mr. Mills's allegations and therefore denies the motion to strike. First, Ms. Monlux's statements that certain documents speak for themselves are appropriate because she also provided an admission or denial of the allegation. *Barnes v. AT & T Pension Ben. Plan-Nonbargained Program*, 718 F. Supp. 2d 1167, 1175 (N.D. Cal. 2010) (holding that responses that include an admission or denial along with a statement that the document speaks for itself comply with Rule 8(b)(1)). Second, the court finds, contrary to Mr. Mills's assertions, that Ms. Monlux's responses are not so vague, evasive, impertinent, scandalous, or unduly argumentative as to violate the rules of pleading, nor

can the court identify any paragraphs where Ms. Monlux provided only a "blanket statement" in response. (*See* MTSIR at 10-12 (identifying categories of purported defects in Ms. Monlux's answer).) Third, the court concludes that Ms. Monlux did not fail to admit or deny Mr. Mills's allegations in violation of Rules 8(b)(1)(B) and 8(b)(2). Mr. Mills appears to believe that Ms. Monlux was required to provide a separate response to each sentence in each of his factual allegations. (*See, e.g.*, MTSIR at 18-20 (asserting that Ms. Monlux did not "specifically admit or deny" twelve sentences in paragraph IV.15 of his complaint).) Rule 8(b)(4), however, expressly allows a defendant to admit portions of an allegation and deny the rest. Fed. R. Civ. P. 8(b)(4). Ms. Monlux has done so here. (*See, e.g.*, Answer ¶ IV.15 (admitting portions of the allegation and "[d]eny[ing] the remaining allegation in this paragraph as characterized").) For these reasons, the court DENIES Mr. Mills's motion to strike purported improper responses.

**B.    Motion to Strike Affirmative Defenses[2]**

Federal Rule of Civil Procedure 8(c)(1) requires a party responding to a pleading to "affirmatively state any avoidance or affirmative defense[.]" Fed. R. Civ. P. 8(c)(1). An affirmative defense may be insufficient as a matter of pleading or as a matter of law. *Cobra Sys., Inc. v. Unger*, No. 8:16-cv-00569-ODW-JEM, 2016 WL 9383517, at *1

---

[2] Ms. Monlux urges the court to strike this motion because it is an improper overlength brief in violation of Local Civil Rule 7(e). (MTSAD Resp. at 2 (citing Local Rules W.D. Wash. LCR 7(e)).) She asserts that Mr. Mills has exceeded the 4,200-word limit for motions to strike by improperly filing two contemporaneous dispositive motions in an attempt to circumvent the Local Civil Rules. (*Id.*) As Mr. Mills points out, however, Local Civil Rule 7(e)(3) does not include motions to strike in its list of dispositive motions; and even if it did, his two motions together total less than the 8,400 words the rule allows for dispositive motions. (*See* MTSAD Reply at 4-5); Local Rules W.D. Wash. LCR 7(e)(3). Therefore, the court denies Ms. Monlux's request to strike Mr. Mills's motion to strike her affirmative defenses.

(C.D. Cal. Aug. 4, 2016).  An affirmative defense is insufficiently pleaded if it fails to provide the plaintiff "fair notice" of the defense asserted.  *Wyshak v. City Nat'l Bank*, 607 F.2d 824, 827 (9th Cir. 1979) (per curiam).  Fair notice "only requires describing the defense in general terms." *Kohler v. Flava Enters., Inc.*, 779 F.3d 1016, 1019 (9th Cir. 2015) (internal quotation marks omitted).  "Detailed factual allegations are not required—simply '[p]leading enough factual content to identify the factual grounds on which an affirmative defense rests is adequate to provide fair notice' of the affirmative defenses to Plaintiff and the Court." *White*, 2023 WL 3582395 at *7 (quoting *Rosen v. Masterpiece Mktg. Grp., LLC,* 222 F. Supp. 3d 793, 802 (C.D. Cal. 2016)).  The defendant, however, "must articulate the affirmative defense clearly enough that the plaintiff is not a victim of unfair surprise." *Roe v. City of San Diego*, 289 F.R.D. 604, 608 (S.D. Cal. 2013) (citation and internal quotations omitted).  An affirmative defense is insufficient as a matter of law if it cannot succeed under any circumstances. *Washington v. Franciscan Health Sys.*, C17-5690BHS, 2018 WL 3546802, at *7 (W.D. Wash. July 24, 2018).

Here, Ms. Monlux has pleaded thirteen affirmative defenses:

1. **JUSTICIABILITY—LACK OF STANDING**:  That Plaintiff has not alleged or suffered an injury in fact, and his claims are not justiciable. Plaintiff's speech was not chilled or restricted, and he has not suffered any injury.

2. **JUSTICIABILITY—MOOTNESS**: That there is no live controversy arising from the facts and circumstances of Plaintiff's claims, and Plaintiff has no ongoing personal stake in any challenged conduct giving rise to his claims for injunctive relief. Judicial relief would be meaningless.

3. **QUALIFIED IMMUNITY**:  Defendant contends that Plaintiff's claims are precluded by the doctrine of qualified immunity, and there was no violation of a clearly established constitutional right.

4. **DISCRETIONARY IMMUNITY**: That all actions of the Defendant herein alleged as negligence manifest a reasonable exercise of judgment and discretion by authorized public officials made in the exercise of governmental authority entrusted to them by law and are neither tortious nor actionable.

5. **FAILURE TO STATE A CLAIM**:  That the Plaintiff has failed to state a claim upon which relief may be granted.

6. **GOOD FAITH**: That the Defendant at all times acted in good faith in the performance of their duties and are therefore immune from suit for the matters charged in Plaintiff's complaint

7. **GOVERNMENT SPEECH DOCTRINE**: That the speech of Defendant was protected by the government speech doctrine, involving matters within the scope of her duties as a public school coach, and therefore Plaintiff's liability theories fail.

8. **TIME, PLACE, AND MANNER RES[]TRICTIONS**: That any restrictions on speech were content-neutral, narrowly tailored, and left open ample   alternative channels for communication given the nature of the speech on school grounds during public school sporting events.

9. **NEUTRAL AND GENERALLY APPLICABLE RESTRICTION**:  That any limitation on speech was neutral and generally applicable, and it did not target any particular viewpoint or membership to a protected class. For instance, to the extent that Plaintiff believes direction to refrain from "coaching" conduct constituted a restraint on speech, that direction was provided to all tennis parents.

10. **NONPUBLIC FORUM OPEN FOR A LIMITED PURPOSE**: That school grounds open for high school forum events were nonpublic forums open for a limited purpose. Because public school sporting events are limited public forums, reserved for a specific, designated purpose, reasonable content-based speech restrictions are permissible.

11. **SUBSTANTIAL DISRUPTION**: That schools may regulate speech that would cause a substantial disruption to the educational environment or infringe on the rights of others, and the speech involved in this case posed a substantial disruption to the educational sporting environment.

12. **SCHOOL-SPONSORED SPEECH**:   That schools may regulate school-sponsored activities, and school officials had a valid

educational reason for regulating speech during public school sporting events.

13. **LEWD OR OFFENSIVE SPEECH**: That school officials may prohibit lewd or offensive speech that is inappropriate for the school setting, taking into account whether the speech is suitable for the student audience, even where it does not cause substantial disruption. In this case, school officials could prohibit "coaching" comments to players during high school tennis games, particularly where parent "coaching" comments were inconsistent with the rules of the sporting activity and the "coaching" comments were distracting to the players.

(Answer at 8-10.)

Mr. Mills does not challenge Ms. Monlux's third and eighth affirmative defenses. (*See* MTSAD at 13, 16.) He argues, however, that the court must strike the remaining eleven defenses either because (1) he alleged sufficient facts in his complaint to support his claims or rebut the defense, or (2) Ms. Monlux failed to identify the specific "statutory, regulatory, or case law authority" underlying the defense. (*See, e.g.*, MTSAD at 12 (identifying the factual allegations in the complaint demonstrating each element of standing); *id.* at 12-13 (arguing that Ms. Monlux failed to cite authority for the defense).)[3] Mr. Mills's arguments are misplaced. First, a motion to strike is not the appropriate vehicle for arguing the substantive merits of an affirmative defense. *See Xu v. City of Los Angeles*, No. 2:23-cv-01575-FLA (SP), 2023 WL 8143542, at *2 (C.D. Cal. Oct. 18, 2023) ("[A] motion to strike affirmative defenses is not to decide the merits and courts do not strike affirmative defenses simply because they will fail."). Second, the fact that Mr.

---

[3] To the extent Mr. Mills objects that Ms. Monlux's affirmative defenses are immaterial or impertinent, the court disagrees and therefore declines to strike the affirmative defenses on those bases. *See Barnes*, 718 F. Supp. 2d at 1170 ("A matter is immaterial if it has no essential or important relationship to the claim for relief pleaded. A matter is impertinent if it does not pertain and is not necessary to the issues in question in the case.") (citations omitted)

Mills can identify the allegations that rebut Ms. Monlux's affirmative defenses indicates that her descriptions of those defenses have provided Mr. Mills fair notice of their nature and scope. (*See, e.g.*, MTSAD at 12 (standing), 13 (mootness), 14 (discretionary immunity), 15 (failure to state a claim), 16 (government speech doctrine), 18 (school sponsored speech), 19 (lewd or offensive speech)); *Kohler*, 779 F.3d at 1019 (holding fair notice only requires a general description of the affirmative defense). Third, Mr. Mills cites no authority to support his assertion that Ms. Monlux was required to cite "statutory, regulatory, or case law authority" for each of her affirmative defenses. (*See generally* MTSAD; MTSAD Reply.) And finally, Mr. Mills has made no showing that any of Ms. Monlux's affirmative defenses "cannot succeed under *any* circumstances" as required to establish legal insufficiency. *Franciscan Health Sys.*, 2018 WL 3546802, at *7 (emphasis added and citation omitted). Rather, as noted above, Mr. Mills appears instead to challenge the merits of each defense. (*See* MTSAD at 12-20.)

        Nevertheless, the court grants Mr. Mills's motion to strike in two respects. First, lack of standing (affirmative defense 1) is not a true affirmative defense because the burden of proving standing lies with the plaintiff. *See Devermont v. City of San Diego*, No. 12-CV-01823 BEN (KSC), 2013 WL 2898342, at *7 (S.D. Cal. June 14, 2013) (so holding). And second, the Ninth Circuit has made clear that failure to state a claim (affirmative defense 5) is not a proper affirmative defense. *See Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1088 (9th Cir. 2002) ("A defense which demonstrates that plaintiff has not met its burden of proof is not an affirmative defense."). Ms. Monlux may still raise these defenses in an appropriate motion in the future. *See, e.g.*, *White*, 2023 WL

3582395, at *6 ("Defendants may challenge the legal sufficiency of Plaintiff's claims by a motion for judgment on the pleadings under FRCP 12(c) or other dispositive motion during litigation, if appropriate.").) Accordingly, the court GRANTS the motion in part and STRIKES affirmative defenses 1 and 5 with prejudice.

## IV.   CONCLUSION

For the foregoing reasons, the court DENIES Mr. Mills's motion to strike improper responses (Dkt. # 11) and GRANTS in part and DENIES in part Mr. Mills's motion to strike affirmative defenses (Dkt. # 12). The court STRIKES Ms. Monlux's affirmative defenses 1 (standing) and 5 (failure to state a claim) with prejudice.

Dated this 16th day of July, 2025.

JAMES L. ROBART
United States District Judge